UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK ALLAN SCHMID,

                Plaintiff,

v.                                      CASE NO. 05-CV-73784-DT
                                      HONORABLE NANCY G. EDMUNDS

ASSISTANT DEPUTY WARDEN
BARBARA MEAGHER,

                Defendant.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Plaintiff Mark Allan Schmid has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at Marquette Branch Prison in Marquette, Michigan.  He has been granted leave to proceed without prepayment of the filing fee for this action.

Defendant Barbara Meagher is an assistant deputy warden at Standish Maximum Correctional Facility in Standish, Michigan where this cause of action arose.  Plaintiff alleges that he is disabled and that Defendant placed him in administrative segregation when he should have been housed in "4 block" or a block that has cells for handicapped inmates.  He seeks $50,000 in money damages for inhumane treatment and cruel and unusual punishment.

### II.  Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any

portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

To successfully establish a *prima facie* case, a civil rights plaintiff must prove that the defendant acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981)). Defendant is a state employee, and the federal right alleged is the Eighth Amendment right not to be subject to "cruel and unusual punishments." U.S. CONST. amend. VIII.

> In the context of prison conditions, the Cruel and Unusual Punishment Clause forbids conditions that involve the 'wanton and unnecessary infliction of pain,' or are 'grossly disproportionate to the severity of the crime. . .' *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To succeed in an Eighth Amendment challenge, Plaintiff must establish that (1) a single, identifiable necessity of civilized human existence is being denied (objective prong) and (2) the defendant prison official acted with a sufficiently culpable state of mind. *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

*Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

"With respect to the objective prong, '[p]risoners have the right not to be subjected to the unreasonable threat of injury. . . .'" *Id.* (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 783-84

(9th Cir. 1985)). "With respect to the subjective prong, there is no violation of the Eighth Amendment unless the defendant is 'aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists' and he draws 'that inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Although Plaintiff claims that he should have been housed in "4 block" or in a cell for handicapped inmates, he has not alleged any injury or threat of injury as a result of being housed in administrative segregation. Stated differently, he has not explained how the defendant's decision to place him in administrative segregation was inhumane or cruel and unusual punishment. His Eighth Amendment claim fails because he has not alleged "personal injury fairly traceable to the defendant's allegedly unlawful conduct . . . ." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citations omitted). "The injury must be 'distinct and palpable' and not 'abstract' or 'conjectural' or 'hypothetical.'" *Id.*

Plaintiff also has not shown that defendant Meagher was aware of a substantial risk of serious harm to him as a result of being confined in administrative segregation. In fact, Plaintiff has not alleged any details concerning the conditions about which he complains. "It is well settled that a pleading fails to state a claim under § 1983 if the allegations are merely conclusory and lack factual specificity." *Davis v. Michigan Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (Zatkoff, J.) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (stating that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited

3

in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original).

### III.  Conclusion

Plaintiff's Eighth Amendment claim lacks an arguable basis in law and, therefore, is frivolous.  Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order also would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 14, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager